IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Joel Balkema,<br><br>                    Plaintiff,<br><br>    v.<br><br>Medical Financial Solutions a/k/a Accretive Health; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Joel Balkema, by undersigned counsel, states as follows:

### JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.  The Plaintiff, Joel Balkema ("Plaintiff"), is an adult individual residing in Otsego, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Medical Financial Solutions a/k/a Accretive Health ("Accretive"), is an Illinois business entity with an address of 401 North Michigan Avenue, Suite 2700, Chicago, Illinois 60611, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Accretive and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Accretive at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation on several separate accounts (collectively referred to as the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Accretive for collection, or Accretive was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Accretive Engages in Harassment and Abusive Tactics

11. Within the last year, Accretive contacted Plaintiff in an attempt to collect the Debt by sending Plaintiff collection letters in the mail.

12. Accretive's initial letters failed to inform Plaintiff of his rights under 15 U.S.C. § 1692g(a), such a right to dispute the Debt and to have verification and/or judgment mailed to Plaintiff.

13. Accretive's initial and subsequent letters failed to notify Plaintiff that the letters were sent by a collection agency in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from anxiety, frustration and humiliation.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

18. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

21. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

3. Actual and punitive damages against Defendants; and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 8, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Joel Balkema
LEMBERG LAW L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com